1 | BILAL A. ESSAYLI
United States Attorney
2 | CHRISTINA T. SHAY
Assistant United States Attorney
3 | Chief, Criminal Division
KEDAR S. BHATIA
4 | Assistant United States Attorney
YERVANT P. HAGOPIAN (Cal. Bar No. 327535)
5 | Special Assistant United States Attorney
General Crimes Section
6 |      1200 United States Courthouse
       312 North Spring Street
7 |      Los Angeles, California 90012
       Telephone:     (213) 894-0732
8 |      Facsimile:     (213) 894-0141
       Email:         yervant.hagopian@usdoj.gov
9 |
Attorneys for Plaintiff
10 | UNITED STATES OF AMERICA

11 |                     UNITED STATES DISTRICT COURT

12 |               FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 | UNITED STATES OF AMERICA,          No. CR 2:24-84-GW

14 |           Plaintiff,              STIPULATION REGARDING REQUEST FOR
                                      (1) CONTINUANCE OF TRIAL DATE AND
15 |           v.                     (2) FINDINGS OF EXCLUDABLE TIME
                                      PERIODS PURSUANT TO SPEEDY TRIAL
16 | PEDRAM MEHRIAN,                   ACT

17 |           Defendant.             **CURRENT PRETRIAL CONFERENCE DATE:**
                                      August 7, 2025
18 |
                                      **CURRENT TRIAL DATE:**
19 |                                   August 19, 2025

20 |                                   **[PROPOSED] PRETRIAL CONFERENCE
                                      DATE:**
21 |                                   September 18, 2025

22 |                                   **[PROPOSED] TRIAL DATE:**
                                      September 30, 2025
23 |

24 |      Plaintiff United States of America, by and through its counsel

25 | of record, the United States Attorney for the Central District of

26 | California, Assistant United States Attorney Kedar S. Bhatia and

27 | Special Assistant United States Attorney Yervant P. Hagopian, and

28 | defendant Pedram Mehrian ("defendant"), both individually and by and

1  through his counsels of record, David L. Menninger and Samuel O.

2  Cross, hereby stipulate as follows:

3      1.    The Indictment in this case was filed on February 7, 2024.

4  Defendant first appeared before a judicial officer of the court in

5  which the charges in this case were pending on February 14, 2024.

6  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the

7  trial commence on or before April 24, 2024.

8      2.    On February 14, 2024, the Court set a trial date of March

9  26, 2024.  Based on stipulations by the parties, the Court has

10  continued the trial dates to August 27, 2024, November 12, 2024,

11  February 25, 2025, June 24, 2025, and then August 19, 2025 and found

12  the interim period to be excluded in computing the time within which

13  the trial must commence, pursuant to the Speedy Trial Act.

14      3.    Defendant is released on bond pending trial.  The parties

15  estimate that the trial in this matter will last approximately three

16  to five days.

17      4.    By this stipulation, defense moves to continue the pretrial

18  conference and trial dates to September 18, 2025, and September 30,

19  2025, respectively.  This is the sixth request for a continuance.

20      5.    Defendant requests the continuance based upon the following

21  facts, which the parties believe demonstrate good cause to support

22  the appropriate findings under the Speedy Trial Act:

23          a.    Defendant is charged with multiple violations of 18

24  U.S.C. § 1343 (wire fraud).  The government has produced to defense

25  counsels over 111,000 pages of discovery, including loan files, bank

26  records, recorded communications, and confidential business and

27  investor materials.

28

2

1     b.    Defense counsels represent that they will not have the
2   time that they believe is necessary to prepare to try this case on
3   the current trial date due to the following cases for Mr. Menninger:
4         i.    *United States v. Rivera-Sanchez*, CR 25-215-DSF,
5   trial 9/23/25, drug trafficking;
6         ii.   *United States v. Caraveo-Nava*, CR 25-139-ODW,
7   trial 10/14/25, illegal reentry;
8         iii. *United States v. Rodarte*, CR 25-350-MCS, trial
9   10/21/25, felon in possession of a firearm; and
10        iv.   *United States v. Torres*, CR 25-424-PA, trial
11  1/13/2026, conspiracy to impede officer.
12        c.    And the following cases for Mr. Cross:
13        i.    *United States v. Des Barres*, 2:24-cr-477-TJH,
14  Jury Trial Oct 7, 2025, Status Conference Sept 15, 2025, Enticement,
15  production of child pornography, receipt, possession of animal crush
16  videos;
17        ii.   *United States v. Garcia-Garcia*, 5:25-cr-180-PA,
18  Jury Trial Nov. 4, 2025, Status Conference Oct. 27, 2026, 1326, 1-2
19  day trial;
20        iii. *United States v. Nash*, 8:24-cr-00046-JVS, Jury
21  Trial Nov. 25, 2025, Status Conference Nov. 17, 2025, 3-day trial,
22  922(g), 841(b)(1)(A).
23        iv.   *United States v. Nelson*, 2:24-cr-00546-HDV, Jury
24  Trial Dec. 2, 2025, SC Nov. 6, 2025; 922(g)x2, 1-2 day trial; and
25        v.    *United States v. Sommers*, 2:24-cr-412-JLS, Jury
26  Trial Feb. 3, 2026, Status Conference Jan. 2, 2026, 2-3 day trial,
27  sex trafficking, production/distribution/possession of child
28  pornography.

3

1    d.    In light of the foregoing, counsels for defendant also

2  represent that additional time is necessary to confer with defendant,

3  conduct and complete an independent investigation of the case,

4  conduct and complete additional legal research including for

5  potential pre-trial motions, review the discovery and potential

6  evidence in the case, and prepare for trial in the event that a

7  pretrial resolution does not occur.  Defense counsels represent that

8  failure to grant the continuance would deny them reasonable time

9  necessary for effective preparation, taking into account the exercise

10  of due diligence.

11    e.    Defendant believes that failure to grant the

12  continuance will deny him continuity of counsel and adequate

13  representation.

14    f.    The government does not object to the continuance.

15    g.    The requested continuance is not based on congestion

16  of the Court's calendar, lack of diligent preparation on the part of

17  the attorneys for the government or the defense, or failure on the

18  part of the attorneys for the Government to obtain available

19  witnesses.

20    6.    For purposes of computing the date under the Speedy Trial

21  Act by which defendant's trial must commence, the parties agree that

22  the time period of August 19, 2025 to September 30, 2025, inclusive,

23  should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

24  (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a

25  continuance granted by the Court at defendant's request, without

26  government objection, on the basis of the Court's finding that:

27  (i) the ends of justice served by the continuance outweigh the best

28  interest of the public and defendant in a speedy trial; (ii) failure

1  to grant the continuance would be likely to make a continuation of

2  the proceeding impossible, or result in a miscarriage of justice; and

3  (iii) failure to grant the continuance would unreasonably deny

4  defendant continuity of counsel and would deny defense counsels the

5  reasonable time necessary for effective preparation, taking into

6  account the exercise of due diligence.

7  //

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 23, 2025                    Respectfully submitted,

                                       BILAL A. ESSAYLI
                                       United States Attorney

                                       CHRISTINA T. SHAY
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                       KEDAR S. BHATIA
                                       Assistant United States Attorney


                                       /s/
                                       Yervant P. Hagopian
                                       Special Assistant United States
                                       Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

6

We are Pedram Mehrian's attorneys.  We have carefully discussed every part of this stipulation and the continuance of the trial date with our client.  We have fully informed our client of his Speedy Trial rights.  To our knowledge, our client understands those rights and agrees to waive them.  We believe that our client's decision to give up the right to be brought to trial earlier than September 30, 2025 is an informed and voluntary one.

_____        7/31/2025
David Menninger                         Date
Attorney for Defendant
Pedram Mehrian


_____        _____
Samuel Cross                            Date
Attorney for Defendant
Pedram Mehrian


I have read this stipulation and have carefully discussed it with my attorneys.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than September 30, 2025.  I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on September 18, 2025 at 8:00 a.m. for a pretrial conference and on September 30, 2025 at 8:30 a.m. for trial.

_____        7-31-25
Pedram Mehrian                          Date
Defendant

7