1  BILAL A. ESSAYLI
   Acting United States Attorney
2  JOSEPH T. MCNALLY
   Assistant United States Attorney
3  Acting Chief, Criminal Division
   KEDAR S. BHATIA (Cal. Bar No. Pending)
4  Assistant United States Attorney
   Public Corruption and Civil Rights Section
5  YERVANT P. HAGOPIAN (Cal. Bar No. 327535)
   Special Assistant United States Attorney
6  General Crimes Section
   DECLAN T. CONROY (Cal. Bar No. 350570)
7  Assistant United States Attorney
   Transnational Organized Crime Section
8       1200 United States Courthouse
        312 North Spring Street
9       Los Angeles, California 90012
        Telephone:     (213) 894-4442/0732/2872
10      Facsimile:     (213) 894-0141
        Email:         kedar.bhatia@usdoj.gov
11                     yervant.hagopian@usdoj.gov
                       declan.conroy@usdoj.gov
12
   Attorneys for Plaintiff
13 UNITED STATES OF AMERICA

14              UNITED STATES DISTRICT COURT

15         FOR THE CENTRAL DISTRICT OF CALIFORNIA

16 UNITED STATES OF AMERICA,          No. 2:24-cr-84-GW

17          Plaintiff,                PLEA AGREEMENT FOR DEFENDANT
                                      PEDRAM MEHRIAN
18               v.

19 PEDRAM MEHRIAN,

20          Defendant.

21

22      1.   This constitutes the plea agreement between Pedram Mehrian

23 ("defendant") and the United States Attorney's Office for the Central

24 District of California (the "USAO") in the above-captioned case. This

25 agreement is limited to the USAO and cannot bind any other federal,

26 state, local, or foreign prosecuting, enforcement, administrative, or

27 regulatory authorities.

28

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Pedram Mehrian</u>, No. 2:24-cr-84-GW, which charges defendant with wire fraud, in violation of 18 U.S.C. § 1343.

b.    Not contest the Factual Basis agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to

1  satisfy defendant's payment of the full financial obligation,

2  including referral to the Treasury Offset Program.

3       i.   Complete the Financial Disclosure Statement on a form

4  provided by the USAO and, within 30 days of defendant's entry of a

5  guilty plea, deliver the signed and dated statement, along with all

6  of the documents requested therein, to the USAO by either email at

7  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

8  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

9  Angeles, CA 90012. Defendant agrees that defendant's ability to pay

10 criminal debt shall be assessed based on the completed Financial

11 Disclosure Statement and all required supporting documents, as well

12 as other relevant information relating to ability to pay.

13      j.   Authorize the USAO to obtain a credit report upon

14 returning a signed copy of this plea agreement.

15      k.   Consent to the USAO inspecting and copying all of

16 defendant's financial documents and financial information held by the

17 United States Probation and Pretrial Services Office.

18                    THE USAO'S OBLIGATIONS

19   3.   The USAO agrees to:

20      a.   Not contest the Factual Basis agreed to in this

21 agreement.

22      b.   Abide by all agreements regarding sentencing contained

23 in this agreement.

24      c.   At the time of sentencing, move to dismiss the

25 remaining counts of the indictment as against defendant. Defendant

26 agrees, however, that at the time of sentencing the Court may

27 consider any dismissed charges in determining the applicable

28 Sentencing Guidelines range, the propriety and extent of any

departure from that range, and the sentence to be imposed. Defendant further agrees that he may be treated as if he had been convicted of the dismissed charges for purposes of U.S.S.G. § 1B1.2(c), regardless of whether the factual basis below would be sufficient to satisfy all elements of each charge. Defendant waives the right to challenge the sufficiency of the factual basis as to any element of any dismissed charge.

      d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

      e.   With respect to count one, recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 18 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A , without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table. The parties also agree that the government may respond to a request by defendant for a sentence below the government's recommendation.

4

## NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, the following must be true:

a.   *First*, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises. Deceitful statements of half-truths may constitute false or fraudulent representations. In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

b.   *Second*, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property.

c.   *Third*, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat.

d.   *Fourth*, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

## PENALTIES AND RESTITUTION

5.   Defendant understands that the statutory maximum sentence that the Court can impose for crime charged in count one, that is, wire fraud, in violation of 18 U.S.C. § 1343, is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the

offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty ; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. The parties currently believe that the applicable amount of restitution is approximately $599,500, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration

status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

10.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between on or about May 2020, and continuing through at least September 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant, together with others known and unknown, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the United States Small Business Administration ("SBA") as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts, transmitting and causing the transmission of wire communications in interstate commerce for the purpose of executing the scheme to defraud.

Specifically, at all relevant times, the Economic Injury Disaster Loan Program ("EIDL") was a SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters. Congress authorized the SBA

1    to provide EIDL loans of up to $2 million to eligible small

2    businesses experiencing substantial financial disruption due to the

3    COVID-19 pandemic.

4         Between in or about May 2020 and December 2020, defendant

5    submitted and caused to be submitted EIDL applications that contained

6    material false statements, specifically in applications to the SBA

7    for EIDL loans on behalf of Strong Faith LLC, Family Financial

8    Strategies, Inc., Mehrian Senior Lifestyle Movement LLC, Trans 26

9    Integrated Services LLC, and Supreme Executive Authority LLC

10   (together, the "MEHRIAN Entities").

11        In each application, defendant made and caused to be made false

12   statements, representations, and promises to the SBA in connection

13   with obtaining EIDL loan funds for the MEHRIAN Entities, including by

14   misrepresenting the number of employees of the applicant entity, and

15   by providing false information regarding the revenue, cost of goods

16   sold, lost profits due to the COVID-19 pandemic, and business purpose

17   of the applicant entity. Defendant admits these misrepresentations

18   were material, that is, they had a natural tendency to influence, or

19   were capable of influencing, the SBA or one of its representatives to

20   part with money or property from the EIDL program.

21        In each loan agreement, defendant falsely certified that all

22   information submitted in or with each loan application was true and

23   accurate.

24        By his materially false and fraudulent statements and his

25   concealment of material facts, defendant MEHRIAN caused the SBA to

26   approve EIDL loans and to disburse EIDL loan proceeds to which he and

27   the MEHRIAN Entities were not entitled, which proceeds were deposited

28   into bank accounts that were controlled by defendant MEHRIAN.

1     From in or about May 2020 and continuing until at least in or

2   about December 2020, in furtherance of the scheme, defendant MEHRIAN

3   submitted and caused to be submitted fraudulent EIDL loan

4   applications that resulted in the SBA disbursing approximately

5   $599,900 in EIDL proceeds to which he was not entitled.

6     Defendant caused the transmission of interstate wire

7   communications in the Central District of California for the purpose

8   of executing the scheme, including but not limited to the transfer of

9   approximately $8,000 from the SBA in Colorado to the Supreme

10  Executive Account in Los Angeles, California on June 30, 2020.

11                          SENTENCING FACTORS

12     11.  Defendant understands that in determining defendant's

13  sentence the Court is required to calculate the applicable Sentencing

14  Guidelines range and to consider that range, possible departures

15  under the Sentencing Guidelines, and the other sentencing factors set

16  forth in 18 U.S.C. § 3553(a). Defendant understands that the

17  Sentencing Guidelines are advisory only, that defendant cannot have

18  any expectation of receiving a sentence within the calculated

19  Sentencing Guidelines range, and that after considering the

20  Sentencing Guidelines and the other § 3553(a) factors, the Court will

21  be free to exercise its discretion to impose any sentence it finds

22  appropriate up to the maximum set by statute for the crime of

23  conviction.

24     12.  Defendant and the USAO agree to the following applicable

25  Sentencing Guidelines factors:

26     Base Offense Level:              7        U.S.S.G. § 2B1.1(a)(1)

27

28

                                10

1    Loss more than $550,000          +14     U.S.S.G. § 2B1.1(b)(1)(H)

2  Defendant and the USAO reserve the right to argue that additional

3  specific offense characteristics, adjustments, and departures under

4  the Sentencing Guidelines are appropriate.

5      13.  Defendant understands that there is no agreement as to

6  defendant's criminal history or criminal history category.

7      14.  Defendant and the USAO reserve the right to argue for a

8  sentence outside the sentencing range established by the Sentencing

9  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

10  (a)(2), (a)(3), (a)(6), and (a)(7).

11                  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

12      15.  Defendant understands that by pleading guilty, defendant

13  gives up the following rights:

14           a.   The right to persist in a plea of not guilty.

15           b.   The right to a speedy and public trial by jury.

16           c.   The right to be represented by counsel -- and if

17  necessary have the Court appoint counsel -- at trial. Defendant

18  understands, however, that, defendant retains the right to be

19  represented by counsel -- and if necessary have the Court appoint

20  counsel -- at every other stage of the proceeding.

21           d.   The right to be presumed innocent and to have the

22  burden of proof placed on the government to prove defendant guilty

23  beyond a reasonable doubt.

24           e.   The right to confront and cross-examine witnesses

25  against defendant.

26           f.   The right to testify and to present evidence in

27  opposition to the charges, including the right to compel the

28  attendance of witnesses to testify.

1      g.    The right not to be compelled to testify, and, if
2 defendant chose not to testify or present evidence, to have that
3 choice not be used against defendant.

4      h.    Any and all rights to pursue any affirmative defenses,
5 Fourth Amendment or Fifth Amendment claims, and other pretrial
6 motions that have been filed or could be filed.

7                  WAIVER OF APPEAL OF CONVICTION

8      16.   Defendant understands that, with the exception of an appeal
9 based on a claim that defendant's guilty plea was involuntary, by
10 pleading guilty defendant is waiving and giving up any right to
11 appeal defendant's conviction on the offense to which defendant is
12 pleading guilty. Defendant understands that this waiver includes, but
13 is not limited to, arguments that the statute to which defendant is
14 pleading guilty is unconstitutional, and any and all claims that the
15 statement of facts provided herein is insufficient to support
16 defendant's plea of guilty.

17    LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

18      17.   Defendant gives up the right to appeal all of the
19 following: (a) the procedures and calculations used to determine and
20 impose any portion of the sentence; (b) the term of imprisonment
21 imposed by the Court, including, to the extent permitted by law, the
22 constitutionality or legality of defendant's sentence, provided it is
23 within the statutory maximum; (c) the fine imposed by the Court,
24 provided it is within the statutory maximum; (d) to the extent
25 permitted by law, the constitutionality or legality of defendant's
26 sentence, provided it is within the statutory maximum; (e) the amount
27 and terms of any restitution order, provided it requires payment of
28 no more than $599,500; (f) the term of probation or supervised

release imposed by the Court, provided it is within the statutory
maximum; and (g) any of the following conditions of probation or
supervised release imposed by the Court: the conditions set forth in
Second Amended General Order 20-04 of this Court; the drug testing
conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.   Defendant also gives up any right to bring a post-
conviction collateral attack on the conviction or sentence, including
any order of restitution, except a post-conviction collateral attack
based on a claim of ineffective assistance of counsel, a claim of
newly discovered evidence, or an explicitly retroactive change in the
applicable Sentencing Guidelines, sentencing statutes, or statutes of
conviction. Defendant understands that this waiver includes, but is
not limited to, arguments that the statute to which defendant is
pleading guilty is unconstitutional, and any and all claims that the
statement of facts provided herein is insufficient to support
defendant's plea of guilty.

19.   The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above and
(b) the Court imposes a term of imprisonment within or above the
range corresponding to offense level 21 and the criminal history
category calculated by the Court, the USAO gives up its right to
appeal any portion of the sentence, with the exception that the USAO
reserves the right to appeal the amount of restitution ordered if
that amount is less than $599,500.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

20.   Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing; (ii) the agreed to

13

1  factual basis statement in this agreement; and (iii) any evidence
2  derived from such statements, shall be admissible against defendant
3  in any action against defendant, and defendant waives and gives up
4  any claim under the United States Constitution, any statute, Rule 410
5  of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
6  Criminal Procedure, or any other federal rule, that the statements or
7  any evidence derived from the statements should be suppressed or are
8  inadmissible.

9      Defendant further agrees that this paragraph of the agreement is
10  severable. Thus, defendant's waivers are binding and effective even
11  if, subsequent to defendant's signing this agreement, defendant
12  declines to plead guilty, the Court declines to accept his guilty
13  plea, or, if this agreement is of the type described in Federal Rule
14  of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects
15  this agreement. Defendant also agrees that his waivers are binding
16  and effective even if some other portion of this agreement is found
17  to be invalid by this Court or the Ninth Circuit.

18                    RESULT OF WITHDRAWAL OF GUILTY PLEA

19      21.  Defendant agrees that if, after entering a guilty plea
20  pursuant to this agreement, defendant seeks to withdraw and succeeds
21  in withdrawing defendant's guilty plea on any basis other than a
22  claim and finding that entry into this plea agreement was
23  involuntary, then (a) the USAO will be relieved of all of its
24  obligations under this agreement; and (b) should the USAO choose to
25  pursue any charge that was either dismissed or not filed as a result
26  of this agreement, then (i) any applicable statute of limitations
27  will be tolled between the date of defendant's signing of this
28  agreement and the filing commencing any such action; and

(ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

22.    Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

23.    This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

24.    Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.   Defendant understands that both defendant and the USAO are free to: (a) supplement the Factual Basis by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are

1   consistent with the facts of this case. While this paragraph permits
2   both the USAO and defendant to submit full and complete factual
3   information to the United States Probation and Pretrial Services
4   Office and the Court, even if that factual information may be viewed
5   as inconsistent with the agreed upon Factual Basis in this agreement,
6   this paragraph does not affect defendant's and the USAO's obligations
7   not to contest the Factual Basis agreed to in this agreement.

8       28.  Defendant understands that even if the Court ignores any
9   sentencing recommendation, finds facts or reaches conclusions
10  different from those agreed to, and/or imposes any sentence up to the
11  maximum established by statute, defendant cannot, for that reason,
12  withdraw defendant's guilty plea, and defendant will remain bound to
13  fulfill all defendant's obligations under this agreement. Defendant
14  understands that no one -- not the prosecutor, defendant's attorney,
15  or the Court -- can make a binding prediction or promise regarding
16  the sentence defendant will receive, except that it will be within
17  the statutory maximum.

18                      <u>NO ADDITIONAL AGREEMENTS</u>

19      29.  Defendant understands that, except as set forth herein,
20  there are no promises, understandings, or agreements between the USAO
21  and defendant or defendant's attorney, and that no additional
22  promise, understanding, or agreement may be entered into unless in a
23  writing signed by all parties or on the record in court.
24  //
25  //
26
27
28

1      PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          30.   The parties agree that this agreement will be considered

3      part of the record of defendant's guilty plea hearing as if the

4      entire agreement had been read into the record of the proceeding.

5      AGREED AND ACCEPTED

6      UNITED STATES ATTORNEY'S OFFICE
       FOR THE CENTRAL DISTRICT OF
7      CALIFORNIA

8      BILAL A. ESSAYLI
       Acting United States Attorney
9

10     _____          9/11/2025
                                                 _____
       KEDAR S. BHATIA                           Date
11     YERVANT P. HAGOPIAN
       DECLAN T. CONROY
12     Assistant United States Attorneys

13     _____          9-11-2025
                                                 _____
14     PEDRAM MEHRIAN                            Date
       Defendant
15
                                                 9/11/25
16     _____          _____
       DAVID MENNINGER                           Date
17     SAM CROSS
       Attorney for Defendant Pedram
18     Mehrian

19

20

21

22

23

24

25

26

27

28

                              18

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          9-11-2025
PEDRAM MEHRIAN                            Date
Defendant

19

1

### CERTIFICATION OF DEFENDANT'S ATTORNEY

2       I am Pedram Mehrian's attorney. I have carefully and thoroughly

3   discussed every part of this agreement with my client. Further, I

4   have fully advised my client of his rights, of possible pretrial

5   motions that might be filed, of possible defenses that might be

6   asserted either prior to or at trial, of the sentencing factors set

7   forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8   provisions, and of the consequences of entering into this agreement.

9   To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  a guilty plea pursuant to this agreement.

16

17  DAVID MENNINGER                     Date

18  SAM CROSS
    Attorney for Defendant Pedram

19  Mehrian

20

21

22

23

24

25

26

27

28

20